Charles MATZIG v. STATE. (No. 10287.)

(Court of Criminal Appeals of Texas. Dec. 22, 1926.) Appeal from District Court, Milam County; John Watson, Judge. R. B. Pool and Chambers & Gillis, all of Cameron, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J. Conviction is for possessing intoxicating liquor for the purpose of sale; punishment being two years in the penitentiary. Appellant has filed his affidavit, advising this court that he desires no longer to prosecute his appeal. Complying with his request, the appeal is dismissed.

2

C. J. MORALLIS v. STATE. (No. 10536.)

(Court of Criminal Appeals of Texas. Jan. 5, 1927.) Appeal from District Court, Shackelford County; W. R. Ely, Judge. L. H. Welch, of Breckenridge, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. The sale of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one year. The person named in the indictment as the purchaser testified that he bought whisky from the appellant. The state also introduced supporting testimony. There was impeaching testimony, but the credibility of the state's witnesses was settled by the verdict of the jury. There was no complaint of the instructions which the court gave to the jury; nor do we find any bills of exceptions attacking the procedure followed by the learned trial judge. The judgment is affirmed.

3

C. E. MYRICK v. STATE. (No. 10463.)

(Court of Criminal Appeals of Texas. Jan. 12, 1927.) Appeal from District Court, Sutton County; C. R. Sutton, Judge. Critz & Woodward, of Coleman, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. The conviction is for the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year. Upon the written request of the appellant, duly verified by his affidavit, the appeal is ordered dismissed.

4

Otto G. NAMI v. STATE. (No. 9398.)

(Court of Criminal Appeals of Texas. Dec. 22, 1926.) Appeal from District Court, Fayette County; M. C. Jeffrey, Judge. Geo. Will-

rich, of La Grange, C. E. Nesrsta, of San Antonio, H. G. Nami, of Cuero, and T. H. McGregor and A. L. Love, both of Austin, for appellant. Fred L. Blundell, Dist. Atty., of Lockhart, John E. Shelton, of Austin, Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

LATTIMORE, J. Conviction in district court of Fayette county of murder; punishment, 15 years in the penitentiary. Appellant files in this court his sworn request to withdraw his appeal, now pending in this court. The request will be granted, and the appeal will be dismissed.

5

E. W. NATIONS v. STATE. (No. 10064.)

(Court of Criminal Appeals of Texas. Jan. 12, 1927.) Commissioner's Decision. Appeal from District Court, Sabine County; V. H. Stark, Judge. W. R. Cousins, of Beaumont, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BETHEA, J. The appellant was convicted in the district court of Sabine county for the offense of murder, and his punishment assessed at confinement in the penitentiary for a term of six years. Since the filing of his appeal, appellant has filed a written motion, duly verified, requesting a dismissal of the appeal. The motion is granted, and the appeal is ordered dismissed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

6

Casimo ORLANDO v. STATE. (No. 10760.)

(Court of Criminal Appeals of Texas. Jan. 12, 1927.) Appeal from District Court, Falls County; E. M. Dodson, Judge. Frank Oltorf, of Marlin, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. Conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year. Upon the written request of the appellant, duly verified by his affidavit, the appeal is ordered dismissed.